IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT DUTKEVITCH and SHARON DUTKEVITCH, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) 3:09-cv-1041 ) |
| WILKES BARRE AREA VOCATIONAL TECHNOLOGY SCHOOL and PITTSTON AREA SCHOOL DISTRICT, | ) ) ) ) |
| Defendants. | ) ) |

O R D E R

AND NOW, this 12th day of January, 2012, IT IS HEREBY ORDERED that the stay of the proceedings in the above captioned matter imposed by Judge Thomas I. Vanaskie of the District Court for the Middle District of Pennsylvania by Order dated November 30, 2009, is VACATED.

AND, further, upon consideration of Defendants' "Motion to Dismiss" (Document Nos. 16 and 17), filed in the above-captioned matter on October 11, 2011, and in further consideration of Plaintiffs' response thereto (Document No. 21), filed on November 9, 2011, as well as Plaintiffs' proposed Amended Complaint (Document No. 14),

IT IS HEREBY ORDERED that said Motion is GRANTED. Plaintiffs' Complaint in this case is DISMISSED and judgment will be

1

entered in favor of the Defendants. Moreover, Plaintiffs will not be permitted to file their proposed Amended Complaint.

Plaintiffs filed their Complaint in this case on June 3, 2009, shortly after their Third Amended Complaint raising essentially the same claims at CA 07-1672 was dismissed pursuant to Magistrate Judge Thomas M. Blewitt's April 8, 2009 order in the United States District Court for the Middle District of Pennsylvania. On June 11, 2009, Magistrate Judge Blewitt, upon screening the Complaint pursuant to 28 U.S.C. §1915(e), issued a Report and Recommendation (Document No. 4), recommending that Plaintiffs' case here be dismissed on grounds of res judicata or, in the alternative, that the case be stayed pending resolution of the appeal of the dismissal at CA 07-1672. District Court Judge Thomas I. Vanaskie adopted the Report and Recommendation in part, staying the case until the appeal was resolved. This case was later assigned to this Court.

On September 15, 2011, the mandate was issued in CA 07-1672, affirming the Middle District's order dismissing Plaintiffs' claims in their entirety. The Defendants in this case now seek dismissal of the claims brought here, which raise the same issues and are based on the same operative facts as the dismissed case at CA 07-1672, relying primarily on Magistrate Judge Blewitt's recommendation that the case be dismissed based on res judicata. The Court agrees with Defendants.

2

Magistrate Judge Blewitt's Report and Recommendation comprehensively explains the reasons why this case should be dismissed on grounds of res judicata. The Court agrees with the rationale set forth therein and adopts it as its own. The claims in this case are essentially the same as those already dismissed at CA 07-1672. The Third Circuit affirmed the dismissal of those claims pursuant to its July 21, 2011 opinion.

Plaintiffs' response has been to file an Amended Complaint which they contend raises new claims not set forth in the first case. Specifically, the Amended Complaint appears to allege that Defendants retaliated against Plaintiffs and abused the legal process by misrepresenting facts to the district and appellate courts while defending the lawsuit brought by Plaintiffs at CA 07-1672.[1] Plaintiffs purport to bring their retaliation claims pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203(a). The basis for the abuse of process claim is not clear.[2] In any

---

[1] To the extent that Plaintiffs are attempting to raise retaliation claims based on actions taken by the Defendants prior to the filing of the Third Amended Complaint at CA 07-1672, these claims are barred by res judicata for the reasons set forth in Magistrate Judge Blewitt's Report and Recommendation, as such claims could have been litigated in the prior case.

[2] Plaintiffs also purport to bring due process and equal protection claims, but these seem to be encompassed by their retaliation and abuse of process claims.

event, Plaintiffs state no valid claim.

To establish a retaliation claim under either the Rehabilitation Act or the ADA, Plaintiffs must establish: (1) that they were engaged in protected activity; (2) that Defendants took action adverse to them after or contemporaneous with the protected activity; and (3) that there is a causal connection between the protected activity and the adverse action. See Kondas v. Potter, 328 Fed. Appx. 116, 120 (3d Cir. 2009); Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997). Even assuming that Plaintiffs properly allege the first element, they do not properly allege the final two. First, under no reasonable interpretation of the Rehabilitation Act or the ADA can defending against claims brought against a defendant by the party claiming retaliation be considered to be an actionable adverse action. Moreover, to allege that Defendants' actions in defending against a lawsuit brought by Plaintiffs were caused, not by the desire to defend themselves from the claims against them, but by a retaliatory animus caused by protected activity, is patently frivolous.

Further, statements made in the course of judicial proceedings are generally protected from civil rights suits by judicial immunity. Statements made by Defendants or their attorneys at the March 11, 2009 hearing before Magistrate Judge

4

Blewitt and the June 12, 2011 hearing before the Third Circuit Court of Appeals are entitled to absolute immunity and are not actionable. See Hughs v. Long, 242 F.3d 121 (3d Cir. 2001); General Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 312 (3d Cir. 2003) (discussing similar immunity provisions under Pennsylvania law). Plaintiffs' proposed Amended Complaint, therefore, raises no new actionable retaliation claim.

As to Plaintiffs' abuse of process claim, under Pennsylvania law, to bring a claim for wrongful use of process, Plaintiffs must establish, among other things, that the relevant proceedings, here CA 07-1672, were terminated in their favor. See 42 Pa. C.S. §§ 8351(a)(2) and 8354; Mi-Lor, Inc. v. DiPentino, 654 A.2d 1156, 1157-58 (Pa. Super. Ct. 1995). In fact, this is the law generally in most jurisdictions. Here, Plaintiffs clearly cannot establish that the proceedings alleged to be improper were terminated in their favor and, accordingly, they cannot raise a valid abuse of process claim.

Pennsylvania courts have emphasized that actions for wrongful use of process should not be used to punish a defendant merely for defending itself against claims brought by another. See Mi-Lor, 654 A.2d at 1158; City of Coatesville v. Jarvis and Wilson, 902 A.2d 1249, 1252 (Pa. Super. Ct. 2006). That is exactly what Plaintiffs are trying to do in their purported Amended Complaint. Their actions in doing so run far closer to abuse of process than

5

anything Defendants are alleged to have done.

Because the proposed Amended Complaint raises no valid new claims not covered by res judicata, amendment would be futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Accordingly, Plaintiffs' claims in this case are dismissed in their entirety, and judgment will be entered in favor of the Defendants.

s/Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record

cc:    Sharon Dutkevitch
Vincent Dutkevitch
114 South Main Street, Rear
Pittston, PA 18640
(forwarded regular and certified mail)